IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:05CR83 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| MANUEL MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 118) filed by the Defendant, Manuel Martinez. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Martinez pleaded guilty to a two-count Superseding Indictment charging him with: possession with intent to distribute 50 grams or more of actual methamphetamine or aiding and abetting that crime (Count I); and possession with intent to distribute less than 500 grams of cocaine or aiding and abetting that crime (Count II).  (Filing No. 40.)  Martinez did not file a direct appeal.

In his § 2255 motion, Martinez alleges ineffective assistance of trial counsel.  In particular, Martinez alleges that his attorney failed to: file a notice of appeal as requested; pursue on appeal the denial of his motion to suppress; and file a motion for discovery and discuss discovery materials with him.  (Filing No. 118.)

*First Claim - Notice of Appeal*

The United States will be ordered to respond to this claim.

*Second Claim - Appeal Suppression Issue(s)*

The plea agreement reflects that the plea was not conditional. In other words, the plea agreement precludes an appeal of the suppression issues decided in this Court. Fed. R. Crim. P. 11(a)(2).

At the change of plea hearing,[1] it was noted that the Petition to Enter a Plea of Guilty included a notation by an interpreter that Martinez was asked three times whether the Petition could be read to him in Spanish. Martinez declined, adding that he "understood English." (Filing No. 43, at 17; Filing No. 54 (Transcript ("TR"), at 2.) The record also reflects that Martinez refused to have an interpreter read him his plea agreement. (TR, at 16.)

At the change of plea hearing, Martinez's only question about the plea agreement was the amount of time to which he could be sentenced under the agreement. (*Id.*, at 18-19.) He stated under oath that he had no other questions about the agreement. (*Id.* at 19.) Martinez was asked the following question, to which he responded "yes" through the court interpreter:

> THE COURT: Do you understand that if your plea of guilty is accepted, that you waive and give up the constitutional right to challenge, contest or object to evidence, including the right to question the lawfulness of any confession or statement made by you and the right to challenge any evidence which the Government has obtained in this case against you, do you understand that?

(TR, at 21.)

---

[1] Martinez did not waive his right to an interpreter for court proceedings.

Martinez stated that he fully understood his rights, discussed possible defenses with counsel, and had no questions about pleading guilty. (TR, at 21-22, 28.)

Under the law and the facts presented, defense counsel could not have appealed the denial of the Defendant's motion to suppress. The claim is denied, as Martinez cannot meet the first prong of the *Strickland* test.

### *Third Claim - Discovery*

Martinez asserts that his attorney did not "file a motion for discovery to find out what, if any evidence the government had in its possession" or discuss "any evidence that the government had or did not have against the defendant." (Filing No. 118.)

At the initial appearance, defense counsel moved for discovery pursuant to Federal Rule of Criminal Procedure 16. (Filing No. 5.) An evidentiary hearing was held on Martinez's motion to suppress. (Filing Nos. 24-27.) At the change of plea hearing, Martinez stated under oath that at that time he had no complaints regarding his attorney. (TR, at 19-20.) He waived his constitutional rights, including the right to challenge the government's evidence. (TR, at 21.) He stated that he had discussed fully with his lawyer any possible defenses. (TR, at 23.)

Under these facts, Martinez cannot satisfy the first prong of the *Strickland* test. This claim is also denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 118);

2. Upon initial review, the Defendant's second and third claims in his § 2255 motion (Filing No. 118) are summarily denied;

      3.      On or before January 22, 2007, the United States shall answer the first claim in the Defendant's § 2255 motion, supported by a brief;

      4.      On or before February 22, 2007, the Defendant may file a reply brief; and

      5.      The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 21st day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge